**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | |
|---|---|
| In re: AMY NICOLE ANDERSON,     ) | Case No. 06-60760-LYN-13 |
|                                                           ) | |
| Debtor.                              ) | |
|                                                           ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on an objection to the Debtor's chapter 13 plan by the chapter 13 trustee. The objection is made to the provision in the plan that potentially provides for the payment in full of the claim of Household Bank (SB), N.A. (Best Buy Co., Inc.) ("Best Buy") through the surrender of the Best Buy's collateral.

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(A)(B)&(L). This Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as directed by Fed. R. Civ. P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

*Facts*

1

On May 26, 2006, the Debtor filed a chapter 13 petition. The Debtor's plan proposes to treat the Best Buy claim, which the Debtor estimates to be in the amount of $1,812.00, in one of two ways. Under the plan, Best Buy may opt to either accept surrender the collateral in full satisfaction of the claim or accept the Debtor's treatment of the claim as a secured claim in the amount of $200.00 and an unsecured claim to the extent of any balance, $1,612.00 if the Debtor's estimate of $1,812.00 is determined to be the allowed amount of the Best Buy claim. The chapter 13 trustee objects to the confirmation of the Debtor's plan on the grounds that Best Buy's claim will be satisfied in full if it chooses to accept the Debtor's offer to surrender the collateral.

*Discussion*

The Debtor's plan provides that Best Buy must either accept the Debtor's payment terms or accept surrender of the collateral in full payment of its claim. Because the Debtor's payment terms do not comport with the requirements of Section 1325(a)(5), the plan may only be confirmed if Best Buy may be compelled to accept surrender of its collateral in full satisfaction of its claim.

The legal issue raised by this dispute is whether the Court may confirm a chapter 13 plan that provides that the debtor will surrender a secured creditor's collateral in full satisfaction of the creditor's claim, eliminating the possibility of an unsecured deficiency claim by the creditor. The answer is provided in Section 1325(a)(5) of the bankruptcy code as revised.[1]

Section 1325(a) provides that, with certain inapplicable exceptions, a bankruptcy court

---

[1] Section 1325(a)(5) was revised and became effective on October 17, 2005, as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). See Pub. L. No. 109-8, 119 Stat. 23 (2005).

shall confirm a plan if certain requirements are met. Section 1325(a)(5)[2] provides that, with respect to secured claims, (1) the holder of the claim must accept the plan; (2) the plan must provide that holder of the claim retains the lien until the claim is paid in a specified manner; *or* (3) the debtor must surrender the collateral to the creditor. If none of the three requirements are met, then the court may not confirm the plan. Section 1325(a)(5) is further modified by BAPCPA. At the end of Section 1325(a) is a "hanging paragraph" ("the Hanging Paragraph") that provides that Section 506 shall not apply for purposes of Section 1325(a)(5) if the creditor has a purchase-money security interest arising from the sale of (1) a vehicle purchased within the 910-day period pre-petition or (2) any other property of value purchased within the one-year period pre-petition.[3]

---

[2]    Section 1325(a)(5) provides
Except as provided in subsection (b), the court shall confirm a plan if–
. . .
(5) with respect to each allowed secured claim provided for by the plan--
    (A) the holder of such claim has accepted the plan;
    (B)    (I) the plan provides that--
            (I) the holder of such claim retain the lien securing such claim until the earlier of--
                (aa) the payment of the underlying debt determined under nonbankruptcy law; or
                (bb) discharge under section 1328; and
            (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
        (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
        (iii) if
            (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
            (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
    (C) the debtor surrenders the property securing such claim to such holder;

[3]    The Hanging Paragraph provides that:

For purposes of paragraph (5),section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the

The Debtor argues that the Hanging Paragraph modifies Section 1325(a)(5)(C) such that any surrender of included collateral must be accepted as payment in full of the claim. The majority of opinions that have addressed this issue have permitted the debtor(s) to surrender the collateral in full satisfaction of the claim. See, e.g., In re Evans, 2006 WL 2620342 (Bankr. E.D.Mich 2006), In re Nicely, 2006 WL 2571973 (Bankr. W.D.Mo. 2006), In re Osborn, 2006 WL 2457933 (Bankr. W.D. Mo. 2006), In re Sparks, 346 B.R. 767 (Bankr. S.D. Ohio 2006), and In re Brown, 346 B.R. 868 (Bankr. N.D.Fla. 2006).

The reasoning of these Courts have closely paralleled the reasoning of the Court in Nicely.

> If the claim may not be bifurcated when the debtor proposes to retain the property and pay the claim over time, pursuant to § 1325(a)(5)(B), neither should it be bifurcated when the debtor proposes to treat the claim by surrender of the collateral, pursuant to § 1325(a)(5)(C). Allowing the secured creditor to assert a deficiency claim after disposition of the vehicle, would permit the very thing which the hanging paragraph prohibits, which is bifurcation of the claim. Denial of the deficiency claim upon surrender recognizes the claim as fully secured, a result consistent with the outcome when the debtor chooses to retain the collateral and pay the claim.

In re Nicely, 2006 WL 2571973 at *2.

At least one opinion declined to allow the debtor to surrender the collateral in full satisfaction of the secured claim. See In re Duke, 345 B.R. 806 (Bankr. W.D.Ky. 2006), For the reasons enunciated by the Court in Evans, this Court declines to follow the reasoning in Duke.

It appears that there is only one contrary decision on point. In *Duke*, the court held that the hanging paragraph is ambiguous. Relying on the legislative history, the court found that "[t]he only clear intent discerned from the legislative history on the hanging paragraph is that Congress intended to provide more protection to creditors with purchase money security

---

debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing;

4

interests." *Id.* at 809. Additionally, the court held that "[i]f Congress had intended to enact what would essentially be an 'anti-deficiency' provision, it would have made its intentions very clear in the statute." *Id.* Although the court held that the hanging paragraph prevents bifurcation of a 910 creditor's claim into secured and unsecured parts, it ruled that "surrender of a vehicle meeting the requirements of the 'hanging paragraph' does not result in a full satisfaction of the Creditors' claims, leaving them whatever state law remedies are available to them, including pursuit of a deficiency as an unsecured claim during the Chapter 13 proceeding." *Id.*

The Court is not persuaded by the reasoning of *Duke*. Rather, the Court agrees with the majority of courts to consider this issue. Allowing a creditor to pursue a deficiency claim following surrender of collateral pursuant to § 1325 would in all practical effect bifurcate the secured creditor's claim, in violation of the plain meaning of the hanging paragraph.

Evans, 2006 WL 2620342 at *3-4.  The objection of the chapter 13 trustee to the proposed plan, on the basis that it provides for the payment in full of the secured claim of Best Buy, will be overruled.  The plan, however, cannot yet be confirmed.

On September 1, 2006, after the hearing on this matter, Household Bank (SB), N.A. (Best Buy Co., Inc.) filed a proof of claim in the amount of $1,850.88.   The proof of claim indicates that the claim is unsecured in its entirety.  The plan cannot be confirmed because it does not treat Best Buy's claim as an unsecured claim in accordance with its proof of claim.

## **ORDER**

The objection of the chapter 13 trustee to the proposed plan, on the basis that it provides for the payment in full of the secured claim of Best Buy by force of the surrender of Best Buy's collateral, shall be and hereby is overruled.  The plan, however, may not be confirmed because it does not properly provide for Best Buy's unsecured proof of claim.

Upon entry of this memorandum the Clerk shall forward copies of this memorandum to Herbert L. Beskin, Esq., chapter 13 trustee, and H. David Cox, Esq., counsel for the debtor, and to the agent of record for Household Bank (SB), N.A. (Best Buy Co., Inc.).

Entered on this   25th   day of September, 2006.

_____
William E. Anderson
United States Bankruptcy Judge

6